## Hawkins' Adm'r. *vs* Craig & wife.

ERROR TO THE FAYETTE CIRCUIT.

*Writs of Error. Limitation. Parties.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

CHANCERY.

*Case* 9.

*October* 19.

*Limitation pleaded to W. E.*

THE defendants in error having pleaded the statute of limitations in bar of the writ of error prosecuted in this case, to reverse a decree rendered in their favor in July, 1836, for a distributable interest claimed by them in the estate of John Hawkins deceased. The plaintiffs, for the purpose of defeating the plea, introduced parol testimony tending to prove that the writ of error had been lost, read the following indorsement on a copy of the decree which had been filed in this Court for the purpose of obtaining the writ, *viz*: "*W. E. issued in May,* 1839,"— and proved by the Clerk of this court that he had issued the writ upon that decree and made that indorsement at the time of issuing it.

*Parol and extrinsic evidence may be adduced to prove the loss of a writ of error issued from this court.—The oath of the clerk and this endorsement on the record "W. E. issued in May, 1839," sufficient to supply the lost writ.*

That the testimony is sufficient to prove the loss of the writ, and that when lost, the original writ itself may be supplied, and its date established by such facts as those herein exhibited, we cannot doubt. Nor can we doubt that (the case having been immediately docketed, and the record filed in proper time,) there was a *lis pendens* in this Court, from the impetration of the writ of error in May, 1839, as thus satisfactorily established by extrinsic proof.

Consequently, as three years had not elapsed from the date of the final decree to that of the Writ of Error, the prosecution of the writ is not barred by time.

*To a bill for distribution, all the distributees are necessary parties.*

The case being submitted for decision also on the merits, we are of the opinion that the decree was premature and erroneous in consequence of a defect of necessary parties. The co-distributees were all necessary parties, and they have not been made parties.

Wherefore, without noticing other objections made to the decree in this Court, the decree must be reversed and

the cause remanded for further and proper preparations for a full, final, and effectual decree as to all persons entitled to distribution of the distributable estate of John Hawkins, dec'd.

*Robinson and Johnson* for plaintiff: *Owsley* for def't.